UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------- x
STRIKE 3 HOLDINGS, LLC,                       :
                                              :    ORDER GRANTING
                          Plaintiff,          :    PLAINTIFF'S MOTION
                                              :    FOR LEAVE TO SERVE
        -against-                             :    THIRD-PARTY
                                              :    SUBPOENA
JOHN DOE, subscriber assigned IP address      :    PRIOR TO A RULE 26(f)
69.120.17.111,                                :    CONFERENCE
                                              :
                          Defendant.          :    3:25-CV-319 (VDO)
------------------------------------------------------------- x
```

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3" or "Plaintiff") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference. (ECF No. 10.) The underlying litigation involves the alleged copyright infringement by an unknown individual utilizing a known Internet Protocol ("IP") address. Because Plaintiff claims it cannot otherwise ascertain the Doe defendant's identity, Plaintiff seeks an order granting Plaintiff leave to serve a third-party subpoena on Optimum Online, the Internet Service Provider ("ISP") for the known IP address, prior to a conference between the parties as required by Rule 26(f). Specifically, Plaintiff seeks to serve a subpoena commanding Optimum Online to provide to Plaintiff with the name and address of the person assigned to the IP address 69.120.17.111.

The Court **grants** Plaintiff's motion, subject to the limitations and protective order described below.

**I.     DISCUSSION**

The Second Circuit has adopted a five-part test to determine whether to grant a motion to quash a subpoena to preserve the objecting party's anonymity, which district courts in this

Circuit have applied to determine whether good cause exists to grant a motion for expedited discovery to ascertain the identity of an unknown defendant. *Arista Recs., LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010) (adopting test from *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *see also Strike 3 Holdings, LLC v. Doe*, No. 3:17-CV-1680 (CSH), 2017 WL 5001474, at *2 (D. Conn. Nov. 1, 2017). These factors include:

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records*, 604 F.3d at 119 (internal citation omitted). A court that grants a motion to serve a third-party subpoena on a qualifying service provider prior to a Rule 26(f) conference generally must issue a protective order requiring the ISP to comply with cable operator disclosure laws and order the ISP to issue a notice informing the subscriber of the court's order and providing the subscriber an opportunity to contest the subpoena. *See, e.g.*, *Strike 3 Holdings*, 2017 WL 5001474 at *6–7.

This Court has, after considering the *Arista/Sony Music* factors, approved similar motions filed by Plaintiff. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, 740 F. Supp. 3d 121 (D. Conn. 2024). For the reasons previously articulated by this Court, and considering the materially indistinguishable allegations, motion, and documentary evidence presented here, the Court concludes that good cause exists to allow for the expedited discovery and grants Plaintiff's motion for leave to serve a Rule 45 subpoena on the ISP to obtain the Doe Defendant's name and address, subject to the protective measures herein.

**II.     CONCLUSION**

After balancing the *Arista/Sony Music* factors, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 10) for the purpose of determining the identity of the alleged infringer, Defendant Doe. The Court further **ORDERS** as follows:

Plaintiff immediately may serve Optimum Online with a Rule 45 subpoena to obtain only the name and address of the subscriber(s) to whom the provider assigned the IP address 69.120.17.111 on the dates and times set forth in the "UTC" column of Attachment A to the Complaint. (ECF No. 1-1). Plaintiff shall attach a copy of the Complaint and this Order to the subpoena, and shall file proof of service within fourteen (14) days of this Order.

After having been served with the subpoena, Optimum Online shall, within thirty (30) days of such service, provide to any and all subscriber(s) associated with the IP address 69.120.17.111, notice of the following ("ISP Notice"):

  a. A copy of the Complaint, this Order, and the subpoena; and
  b. Notice informing the subscriber(s) that they have thirty (30) days, from the date of the notice, to file a motion to quash the subpoena or seek other appropriate relief in this court. Optimum may serve such subscriber(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

Any subscriber served with the ISP Notice shall have thirty (30) days from the date of service of the ISP Notice to file any motions with this court to contest the subpoena, as well as a motion to litigate anonymously.

Optimum Online shall not disclose any identifying information to Plaintiff before expiration of the sixty-day period after receiving the subpoena from Plaintiff. If no subscribers contest the subpoena within sixty (60) days after the date of service of the Rule 45 subpoena on Optimum Online, Optimum Online shall have ten (10) days to disclose the information responsive to the subpoena to Plaintiff. If a subscriber(s) or Optimum Online files a motion to quash or modify the subpoena, or a request to litigate anonymously, Optimum Online may not turn over any information to Plaintiff until the issues have been adjudicated. Optimum Online shall preserve any subpoenaed information throughout the pendency of this action.

If obtained from Optimum Online, Plaintiff only may use the subscriber's name and address for the purposes of this litigation. Plaintiff is ordered not to disclose the subscriber's name or address, or any other identifying information other than the ISP number. Plaintiff shall not publicly file any of the subscriber's identifying information and shall file all documents containing the subscriber's identifying information under seal until passage of time for the subscriber to seek an order permitting him/her to proceed under a pseudonym.

**SO ORDERED.**

Hartford, Connecticut
July 14, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge